**William K. GRAHAM, Petitioner–Appellant,**

v.

**Charles H. GREINER, Warden at Sing Sing Correctional Facility, Respondent–Appellee.**

**Docket No. 04–2084.**

United States Court of Appeals, Second Circuit.

Feb. 15, 2005.

Paul J. Angioletti, Staten Island, NY, for Petitioner.

Marlene O. Tuczinski, Assistant Solicitor General, Albany, N.Y. (Eliot Spitzer, Attorney General of the State of New York, Nancy A. Spiegel, Senior Assistant Solicitor General, on the brief, Albany, NY), for Respondent.

PRESENT: JACOBS, CALABRESI, Circuit Judges, and RAKOFF,* District Judge.

### SUMMARY ORDER

William K. Graham appeals a March 2, 2004 order of the United States District Court for the Northern District of New York (Hurd, *J.*), denying Graham's petition for writ of habeas corpus. We assume that the parties are familiar with the facts, the procedural history and the scope of the issues presented on appeal.

Graham argues that the district court committed clear error in rejecting his contention that eyewitness testimony provided by one Edward Love at Graham's trial was perjured. A federal court may only grant a habeas petition where an adjudication on the merits in a state proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). Under clearly established Supreme Court precedent, the use of perjured testimony violates due process only where: " 'the prosecution knew, or should have known, of the perjury,' and (2) 'there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.' " *Drake v. Portuondo,* 321 F.3d 338, 345 (2d Cir.2003) (quoting *United States v. Agurs,* 427 U.S. 97, 103, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976)) (footnote omitted).

Graham cites to several facts that cast doubt on the veracity of Love's trial testimony. However, the district court found that "it was only after the victim was made aware that Love had been apprehended and had provided information to the police that she altered her version of what had transpired in a manner that proved to be consistent with Love's statements to the authorities regarding the circumstances surrounding Graham's attack on the victim." This finding is amply supported by the evidence adduced during both Graham's trial and the evidentiary hearing held below, and it firmly corroborates Love's trial testimony. *See Ortega v. Duncan,* 333 F.3d 102, 107 (2d Cir.2003)

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

(the district court "must weigh all the evidence" in determining "whether testimony given at trial was in fact truthful"). Under the circumstances, the district court cannot be said to have committed clear error.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.